The Honorable Randy Bryant State Representative 14138 DeGraff Road Rogers, Arkansas 72756
Dear Representative Bryant:
This is in response to your request, on behalf of the City of Pea Ridge, for an opinion on the following questions:
 Does Article 12, Section 5, of the Arkansas Constitution prohibit a City from making its own determination of when pay periods end for purposes of compensating court personnel when said court is held once per month? If the answer is no, may the City make payment on said court date if the court date is determined to be the end of the pay period by the City.
It is my understanding that the questions refer to personnel connected with the Pea Ridge City Court. Although I have not been provided information regarding the specific personnel involved, I assume that the personnel involved are municipal employees and/or officers. It is also my understanding that the City of Pea Ridge is concerned with whether the relevant personnel may be paid once a month on the date of court rather than once a month on the last calendar day of the month.
Arkansas Constitution art. 12, § 5, provides in part that no city may appropriate money for an individual. However, a city's appropriation of money in the form of salary to employees or officers does not violate this constitutional provision. See generally Op. Att'y Gen. Nos. 95-165
and 97-108. In addition, in the absence of a statute to the contrary, the time for paying compensation due a municipal employee generally depends on the contract of employment. 62 C.J.S. Municipal Corporations § 728b (1949). It has, however, been stated that a municipality is without authority to pay in advance for services to be performed in the future. 62 C.J.S. Municipal Corporations § 720 (1949).
There appear to be no statutes that generally govern the length of municipal pay periods or specify the beginning and ending dates of such periods.[1] Arkansas Code Annotated § 14-43-502 (1987) provides that the city council shall possess local legislative authority and shall manage and control finances.[2] In the absence of statutory authority on the subject, the relevant employment contracts as well as the charter and ordinances of the city should initially be consulted. Nevertheless, pursuant to A.C.A. § 14-43-502, it is my opinion that a municipality generally has the authority to determine the length of its pay periods as well as the beginning and ending dates of such periods. Thus, in all likelihood, the City of Pea Ridge may elect to compensate court personnel on a monthly basis, and the City may determine that the pay period will end on the last day of each month, the twentieth day of each month, or upon any day of the month the City chooses (e.g., the City may determine that personnel are to be paid on June 20 for services performed between May 21 and June 20).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Arkansas Code Annotated § 16-18-112 (Supp. 1995) provides that the governing body of any city having a city court may establish a schedule of fees to be paid to the judge of the court or the governing body may provide for the payment of a monthly allowance as compensation to the judge.
It should also be noted that the term "pay period" as used in A.C.A. §11-10-210 (Repl. 1996), entitled "Employment," means a period of not more than thirty-one consecutive days for which a payment or remuneration is ordinarily made to the individual by any employing unit employing him.
[2] By the terms of the Code, A.C.A. § 14-43-502 applies only to cities of the first class. This office, however, has opined that § 14-43-502
generally describes the powers of city councils of cities of the second class, as well as of the first class. Op. Att'y Gen. Nos. 96-328 and 95-367. It is my understanding that the City of Pea Ridge is a city of the second class.